PARFUMERIE ROGER & GALLET, SO-
CIÉTÉ ANONYME, v. JOHN WANA-
MAKER, PHILADELPHIA.

Court of Appeals of District of Columbia.
Submitted May 9, 1927. Decided
May 26, 1927.

No. 1947.

Trade-marks and trade-names and unfair com-
petition ☞43—"Charme d'Amour" held not
deceptively similar to "Fleurs d'Amour" and
"Boquet des Amours" as affects registration
for use on toilet goods.

Trade-mark "Charme d'Amour" *held* not
deceptively similar to "Fleurs d'Amour" and
"Boquet des Amours," so as to preclude regis-
tration as trade-mark for use on same goods;
the word "Amour" having been long in use and
not susceptible of exclusive appropriation.

Appeal from Commissioner of Patents.

Application by John Wanamaker, Phila-
delphia, for registration of trade-mark, op-
posed by Parfumerie Roger & Gallet, Société
Anonyme. From a decision of the Commis-
sioner of Patents, dismissing opposition and
granting registration, the opposer appeals.
Affirmed.

Maurice Leon, of New York City, and D.
U. Rich, of Washington, D. C., for appellant.
K. N. Ware and C. H. Howson, both of
Philadelphia, Pa., for appellee.

Before MARTIN, Chief Justice, and
ROBB and VAN ORSDEL, Associate Jus-
tices.

MARTIN, Chief Justice. An appeal
from a decision dismissing appellant's op-
position and granting registration of a trade-
mark to appellee.

In October, 1923, John Wanamaker, Phil-
adelphia, applied for the registration of the
trade-mark "Charme d'Amour" to be used
particularly for perfumes, alleging use of the
mark in its business since November 1, 1917.
An opposition to the registration was filed by
Parfumerie Roger & Gallet, a French corpo-
ration, based upon its trade-mark "Fleurs
d'Amour" and "Boquet des Amours," both
registered in this country, and used by oppos-
er in this country for toilet articles, including
perfumes.

Opposer claims that applicant's mark is
confusingly similar to each of its marks. It
is conceded by applicant that the goods of
the parties are similar, but it is denied that
the marks are confusingly similar. This de-
fines the issue. Testimony was taken by the
parties, and concurrent decisions dismissing
the opposition were entered by the tribunals
of the Patent Office.

The Commissioner of Patents found upon
the evidence that the opposer had made use
of its trade-marks long prior to the time
when use was first made by applicant of the
mark in question. He held that, since the
goods of the parties were the same, the issue
was restricted to the disputed similarity of
the marks. Upon this issue he found that
trade-marks of which the word "Amour" was
a part, such as "Rose d'Amour," "Esprit
d'Amour," "Reve d'Amour," and "Caresse
d'Amour," had long been in public use for
goods of like character with these, and while
opposer's use of its mark antedates the use
of these particular names, yet nevertheless,
long years prior to opposer's adoption and
use of its marks, it had been the practice and
custom to associate the word "Amour" with
perfumery and its manufacture; that the
word had thus come into use as a descriptive
term among those familiar with perfumery;
and it would be improper now to grant op-
poser such a broad interpretation of its trade-
mark as would amount to an exclusive right
to employ the word in connection with any
other word or words whatsoever as a trade-
mark upon perfumery, and moreover that the
purchasing public has learned to distinguish
ownership or origin of such goods by some
other associated terms. Inasmuch, therefore,
as the word "Charme," taken alone, is whol-
ly different from either "Fleurs" or "Boquet,"
the Commissioner held that the marks as used
were not deceptively similar.

Upon a review of the record we are con-
vinced that the Commissioner's findings and
conclusions are correct. We do not think it
necessary to enter upon a detailed discussion
of the evidence and arguments, but content
ourselves with a reference to the decision en-
tered below.

The decision of the Commissioner is af-
firmed.